**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 07-4437**

─────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DAVID HOWARD HUGHES,

Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.  Lacy H. Thornburg, District Judge.  (1:05-cr-00273)

─────────────

Submitted:  November 20, 2007      Decided:  November 28, 2007

─────────────

Before NIEMEYER, TRAXLER, and GREGORY, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Claire J. Rauscher, Executive Director, Ann L. Hester, Charlotte, North Carolina, Fredilyn Sison, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Asheville, North Carolina, for Appellant. Gretchen C.F. Shappert, United States Attorney, Adam Morris, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David Howard Hughes pled guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (2000). The district court sentenced Hughes to 188 months' imprisonment, four years of supervised release, and ordered payment of a $100 statutory assessment. Hughes appeals, challenging the district court's denial of his motion to suppress evidence, alleging that the district court failed to take into account substantial evidence contrary to Deputy Winslow's testimony, and failed to properly allocate to the Government the burden of proof by a preponderance of the evidence. We find his challenges to be without merit.

We review for clear error the district court's factual findings made in consideration of a motion to suppress, United States v. Brown, 401 F.3d 588, 592 (4th Cir. 2005), and will uphold the denial of a motion to suppress if "any reasonable view of the evidence, looked at in the light most favorable to the government, will sustain the denial." United States v. Bethea, 598 F.2d 331, 333-34 (4th Cir. 1979).

At the suppression hearing, Deputy Sheriff Edward Winslow testified that he conducted the search of Hughes' residence at which the firearm was found after he received the warrant, which issued at 3:10 p.m., and that in writing 12:35 p.m. on the property-inventory form, which time preceded the warrant's issuance

- 2 -

by approximately three hours, he was stating the time at which he arrived at the premises and secured it while awaiting issuance of the warrant. On cross-examination, he attested that while he did not always follow this practice of writing on the inventory sheets the time he arrived at the premises, he did so on this occasion. Hughes' brother also testified at the suppression hearing. He attested that he witnessed two officers entering and exiting Hughes' home around 1 p.m. and that he talked with a female agent, identified as Agent Olson. Documentation introduced at the hearing supported the Government's position that Agent Olson was at the home on a prior occasion, and not at the occasion that is the subject of this appeal, and further contradicted Hughes' brother's recollection and testimony regarding other events of the day in question.

We find no clear error in the district court's determination that Deputy Winslow's testimony was more credible than that of Hughes' brother, or in its finding that the officer's testimony was a "correct recitation of the events" surrounding the search of Hughes' residence. There is no evidence that the district court failed to apply the proper standard of proof in considering Hughes' motion to suppress, or that it failed to consider all the evidence presented to it during the suppression hearing.

Accordingly, we affirm the district court's denial of Hughes' motion to suppress, and further affirm Hughes' conviction and

sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

                                                              AFFIRMED